# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 19-1693V

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                             *
                                             *
RAVEN TUBBS,                                 *
                                             *
                 Petitioner,                 *
                                             *   UNPUBLISHED
                                             *
v.                                           *
                                             *
SECRETARY OF HEALTH AND                      *
HUMAN SERVICES,                              *   Filed: December 10, 2025
                                             *
                 Respondent.                 *
                                             *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*John Robert Howie , Jr.*, Howie Law, P.C., Dallas, TX, for Petitioner.
*Lauren Kells*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON JOINT STIPULATION[1]

On October 31, 2019, Raven Tubbs ("Petitioner") filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] ECF No. 1 ("Pet."). Petitioner alleges she suffered from Guillain-Barré syndrome ("GBS") as a result of the influenza ("flu") vaccination she received on October 20, 2016, as defined by the Vaccine Injury Table ("Table") or, in the alternative, that the vaccine was the cause in fact of her injuries. *See* Stipulation ¶¶ 2, 4, dated December 10, 2025 (ECF No. 101); *see also* Pet.

Respondent denies "that [P]etitioner sustained the onset of a GBS Table injury within the

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

time period set forth in the Table; [and] denies that the vaccine caused or significantly aggravated [P]etitioner's alleged injuries or any other injury or [P]etitioner's current disabilities." *See* Stipulation ¶ 6. Nonetheless, both parties, while maintaining their above-stated positions, agreed in a stipulation filed December 10, 2025, that the issues before them can be settled and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

a lump sum of $350,000.00 to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.

Stipulation ¶ 8. This award represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a). *Id.*

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

**s/ Jennifer A. Shah**
Jennifer A. Shah
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by jointly filing notice renouncing their right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

RAVEN TUBBS,

          Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

          Respondent.

No. 19-1693V
Special Master Shah
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1.  Petitioner, Raven Tubbs, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the Influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2.  Petitioner received the vaccine on or about October 20, 2016.

3.  The vaccine was administered within the United States.

4.  The petition alleges that petitioner sustained the first symptom or manifestation of the onset of Guillain-Barré syndrome ("GBS"), as defined in the Table, within the time period set forth in the Table, and further alleges that petitioner developed numbness, tingling, and weakness as sequela of the alleged Table injury and experienced residual effects of the alleged injury for more than six months. In the alternative, petitioner alleges that the vaccine actually caused petitioner's alleged injuries.

5.   Petitioner represents that there has been no prior award or settlement of a civil action for damages arising out of the alleged vaccine injury.

6.   Respondent denies that petitioner sustained the onset of a GBS Table injury within the time period set forth in the Table; denies that the vaccine caused or significantly aggravated petitioner's alleged injuries or any other injury or petitioner's current disabilities.

7.   Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.   As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $350,000.00 to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9.   As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in any proceeding upon this petition.

10.   Petitioner and petitioner's attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies,

2

Federal or State health benefits programs (other than Title XIX of the Social Security Act (42

U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis, and

represent that they have identified to respondent all known sources of payment for items or

services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g).

11. Payment(s) made pursuant to paragraph 8 and any amounts awarded pursuant to

paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject

to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any

award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money

provided pursuant to this Stipulation will be used solely for the benefit of petitioner as

contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the

conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in

petitioner's individual capacity, and on behalf of petitioner's heirs, executors, administrators,

successors or assigns, does forever irrevocably and unconditionally release, acquit and

discharge the United States and the Secretary of Health and Human Services from any and all

actions or causes of action (including agreements, judgments, claims, damages, loss of services,

expenses and all demands of whatever kind or nature) that have been brought, could have been

brought, or could be timely brought in the United States Court of Federal Claims, under the

National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or

in any way growing out of, any and all known or unknown, suspected or unsuspected personal

injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu

vaccination administered on October 20, 2016, as alleged by petitioner in a petition for vaccine

3

compensation filed on or about October 31, 2019, in the United States Court of Federal Claims as petition No. 19-1693V.[1]

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the vaccine caused petitioner's alleged injury or any other injury or petitioner's current condition.

---

[1] The relevant statutory limitations period requires that a petition be filed prior to "the expiration of 36 months after the date of the occurrence of the first symptom or manifestation of onset or of the significant aggravation of [the alleged] injury." 42 U.S.C. § 300aa-16(a)(2). Here, petitioner's alleged onset date is November 4, 2016. Therefore, the petition filed on October 31, 2019, is timely.

4

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

## END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

PETITIONER:

_RAVEN TUBBS_

RAVEN TUBBS

ATTORNEY OF RECORD FOR
PETITIONER:

JOHN R. HOWIE, JR.
Howie Law, P.C.
2608 Hibernia St.
Dallas, Texas 75204
Telephone: (214) 622-6340
Facsimile: (214) 622-6341
jhowie@howielaw.net

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

Jeffrey S.     Digitally signed by
               Jeffrey S. Beach -S
Beach -S       Date: 2025.11.21
               11:39:00 -05'00'          for

CAPT GEORGE REED GRIMES, MD,
MPH Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 14W-18
Rockville, MD 20857


AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

ATTORNEY OF RECORD FOR
RESPONDENT:

LAUREN KELLS
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
202-616-4187
lauren.kells@usdoj.gov

DATED: 12/10/2025