# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 19-1693V**

| | | |
|---|---|---|
| RAVEN TUBBS, | * | |
| Petitioner, | * | Special Master Shah |
| v. | * | Filed: September 30, 2026 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

*John Robert Howie, Jr.*, Howie Law, P.C., Dallas, TX, for Petitioner.
*Lauren Kells,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 31, 2019, Raven Tubbs ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] ECF No. 1 ("Pet."). Petitioner alleged that she suffered from Guillain-Barré syndrome ("GBS") as a result of the influenza ("flu") vaccination she received on October 20, 2016, as defined by the Vaccine Injury Table ("Table") or, in the alternative, that the vaccine was the cause in fact of her injuries. *See id*. On December 10, 2025, the parties filed a stipulation, which I adopted in a Decision awarding compensation the same day. ECF Nos. 101-102. Petitioner was awarded $350,000.00 in damages. ECF No. 102.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2018)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

On December 15, 2025, Petitioner filed an application for final attorneys' fees and costs. ECF No. 106 ("Fees App."). Petitioner requests attorneys' fees and costs in the amount of $120,378.22, consisting of $109,629.10 in attorneys' fees and $10,749.12 in attorneys' costs. *See* Fees App. at 1-2. Petitioner has not personally incurred any costs related to the prosecution of her claim. *See* Fees App., Ex. 2. Respondent responded to the motion on December 29, 2025, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting "that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." ECF No. 107 ("Fees Resp.") at 2, 4. Petitioner filed a reply on December 29, 2025. ECF No. 108 ("Fees Reply").

This matter is now ripe for consideration.

## I. Attorneys' Fees and Costs

Section 15(e)(1) of the Vaccine Act allows the special master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that describe the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.,* 85 Fed. Cl. 313, 316-18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895 n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A. Reasonable Hourly Rates

Petitioner requests the following hourly rates of compensation for her counsel, Mr. John Howie: $363.00 for work performed in 2017, $383.00 for work performed in 2018, $395.00 for work performed in 2019, $420.00 for work performed in 2020, $441.00 for work performed in 2021, $466.00 for work performed in 2022, $492.00 for work performed in 2023, $520.00 for work performed in 2024, and $570.00 for work performed in 2025. Fees App. at 1. Petitioner also seeks compensation for paralegal Elisa Bautista ranging from $50.00-$195.00 per hour for work performed from 2017-2025. *Id.* at 1-7. The rates requested are consistent with what Mr. Howie and Ms. Bautista have previously been awarded for their Vaccine Program work, and I find them

to be reasonable here. *See, e.g.*, *Sites v. Sec'y of Health & Hum. Servs.*, No. 23-492V, 2025 WL 2642642 (Fed. Cl. Spec. Mstr. Aug. 15, 2025); *Burroughs v. Sec'y of Health & Hum. Servs.*, No. 21-84V, 2025 WL 1454097 (Fed. Cl. Spec. Mstr. Mar. 26, 2025); *Leaumont v. Sec'y of Health & Hum. Servs.*, No. 18-258V, 2024 WL 966801 (Fed. Cl. Spec. Mstr. Jan. 23, 2024).

**B. Reasonable Hours Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton ex rel. Saxton v. Sec'y of Health & Hum. Servs*., 3 F.3d 1517, 1522 (Fed. Cir. 1993). In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen v. Sec'y of Health & Hum. Servs*., 102 Fed. Cl. 719, 728-29 (2011) (affirming the special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Hum. Servs*., 38 Fed. Cl. 403, 406 (1997) (affirming the special master's reduction of attorney and paralegal hours). Further, special masters may reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Hum. Servs*., 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Hum. Servs*., 85 Fed. Cl. 313, 318 (Fed. Cl. 2008), *aff'd*, No. 99-573V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. *Broekelschen*, 102 Fed. Cl. at 729. Special masters may look to their experience and judgment to reduce an award of fees and costs to a level they find reasonable for the work performed. *Saxton ex rel. Saxton* 3 F.3d at 1521. It is within a special master's discretion to make a global reduction to the total amount of fees requested. *See Hines*, 22 Cl. Ct. at 753 ("special masters have wide latitude in determining the reasonableness of both attorneys' fees and costs"); *Hocraffer v. Sec'y of Health & Hum. Servs*., No. 99-533V, 2011 WL 3705153 (Fed. Cl. Spec. Mstr. July 25, 2011), *mot. for rev. denied*, 2011 WL 6292218, at *13 (Fed. Cl. 2011) (denying review of the special master's decision and endorsing "a global – rather than line-by-line – approach to determine the reasonable number of hours expended in this case").

While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Hum. Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. It is well-established that billing for administrative and clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989).

While Petitioner is entitled to an award of attorneys' fees and costs, I find that the number of hours billed is excessive. For the reasons explained below, I reduce the fees billed by Petitioner by 10%, resulting in a reduction of **$10,962.91**.

1. <u>Excessive Intraoffice Communication</u>

There are over 160 billing entries by both Mr. Howie and Ms. Bautista documenting emails, meetings, or conferences in which they discussed various aspects of the case with one another. *See, e.g.*, Fees App., Ex. 1-A at 1-18, 20-21, 28-31, 33-36, 38-40, 43. Taken as a whole, I find that the amount of intraoffice communication between Mr. Howie and Ms. Bautista is excessive. *See Tarsell*, 2018 WL 3989452, at *2 (explaining that "[b]illing for intra-office communication is unreasonable and excessive."); *Ovenden v. Sec'y of Health & Hum. Servs.*, No. 19-117V, 2023 WL 3778892, at *2 (Fed. Cl. Spec. Mstr. June 2, 2023) (noting that "special masters have historically reduced attorneys' fees due to excessive interoffice communication between attorneys and paralegals."). Examples of billing for such communications include (but are not limited to):

- October 17, 2019: 0.10 hours billed by Mr. Howie for "email to EB regarding additional records requests."

- January 23, 2020: 0.10 hours billed by Mr. Howie for "email from EB regarding contacting RT and response to same."

- June 12, 2023, 2019: 0.10 hours billed by Mr. Howie for "mtg with EB regarding SS form."

Fees App., Ex. 1-A at 2, 3, 17. While some of these entries are detailed, a number of them do not contain sufficient detail to allow me to determine the reasonableness of the communications at issue.

2. <u>Clerical/Administrative Work</u>

I have identified more than 120 entries throughout the billing records submitted that are for inappropriate clerical tasks such as drafting basic documents like notices of filing, making notes to a task list, organizing medical records to be scanned, counsel directing the paralegal to file documents, preparing documents for filing, filing documents in CM/ECF, uploading documents to DropBox, paying invoices, preparing mailing labels, and mailing documents. *See* Fees App., Ex. 1-A at 2-7, 9-16, 18-25, 28-44. Examples include (but are not limited to):

- January 19, 2018: 0.10 hours billed by Ms. Bautista for "paid CIOX outstanding invoice online."

- September 14, 2020: 0.10 hours billed by Mr. Howie for "email to EB to file motion for extension."

- September 14, 2020: 0.80 hours billed by Ms. Bautista for "email from JRH to file motion; file motion; notate file."

- December 8, 2025: 0.30 hours billed by Ms. Bautista for "prepare cover letter and FedEx label to resend stip to the DOJ."

- December 8, 2025: 0.50 hours billed by Ms. Bautista for "hand-deliver stip to local FedEx location."

Fees App., Ex. 1-A 6, 21, 34, 43. These clerical and administrative tasks are not compensable and warrant a reduction in attorneys' fees.

3. Paralegal Tasks

There are approximately 18 entries in the submitted billing records that were performed by Mr. Howie but should have been billed using a paralegal rate. Most of these tasks involved requesting medical records or following up on medical records requests. *See* Fees App., Ex. 1-A at 2-7, 20. "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). Although these tasks are reasonable, they must be charged at non-attorney rates. Examples include (but are not limited to):

- October 31, 2019: 0.20 hours billed by Mr. Howie for "update healthcare provider list with additional medical providers."
- April 20, 2020: 0.10 hours billed Mr. Howie for "email to Rawlings following up on status."
- October 6, 2020: 0.10 hours billed Mr. Howie for "email from Select Specialty with tracking number."

Fees App., Ex. 1-A at 2, 4, 6.

4. Block Billing and Vague Entries

Some of the entries billed in this case were block billed. Block billing is disfavored in the Program, because billing multiple tasks together in a single time entry frustrates the court's ability to assess the reasonableness of the request. *See Broekelschen v. Sec'y of Health & Hum. Servs.*, 07-137V, 2008 WL 5456319, at *4-5 (Fed. Cl. Spec. Mstr. Dec. 17, 2008). Some of these entries are non-compensable administrative tasks, which are indistinguishably billed together with compensable tasks. *Id.* For that reason, the Vaccine Program's Guidelines for Practice state that "[e]ach task should have its own line entry indicating the amount of time spent on that task."[3] Examples include (but are not limited to):

- July 13, 2020: 5.20 hours billed by Mr. Howie for "continue drafting timeline; continue drafting first amended petition; begin drafting sworn statement; multiple emails to EB regarding additional medical records to request; tc with RT regarding status, medical course, additional medical providers."

[3] The Guidelines for Practice can be found at the link below. Please refer to page 76: https://www.uscfc.uscourts.gov/guidelines-practice-under-national-vaccine-injury-compensation-program

- September 14, 2020: 2.20 hours billed Mr. Howie for "begin process of reviewing exhibits to prepare to file; multiple edits and revisions to exhibits; notes to file regarding same."

- January 23, 2023: 3.10 hours billed Mr. Howie for "review all new medical received but not yet filed; notes to file regarding same; multiple emails to EB regarding records to request or update; tc with RT regarding treatment status, updating medical records; notes to file regarding same; tc with EB regarding canceling 2 record requests; finalize medical record exhibits."

Fees App., Ex. 1-A at 4, 6, 15.

Petitioner also included several entries that were unreasonably vague. There are more than 40 entries for "communication" between Mr. Howie and Petitioner or Petitioner's family that make no mention of the topic of communication, which makes it difficult for me to assess their reasonableness. These entries generally reference emails or calls "regarding status." *See* Fees App., Ex. 1-A at 1-3, 5-14, 19-20, 22-23, 25, 27. As the Federal Circuit has previously ruled, disclosure of the general subject matter of billing statements does not violate attorney-client privilege, and billing entries for communication should contain some indication as to the nature and purpose of the communication. *See Avgoustis v. Shinseki*, 639 F.3d 1340, 1344-45 (Fed. Cir. 2011). In this case, the aforementioned billing entries concerning communication do not contain any indication of the topic of that communication.

Similar to block billing, vague billing frustrates my ability to assess the reasonableness of the time expended and determine whether such communication was reasonable and necessary.

5. Duplicative Billing

Finally, more than 75 of Ms. Bautista's entries bill for duplicative review of CM/ECF filings (*e.g.*, scheduling orders and Respondent's status reports), which Mr. Howie already billed to review. *See, e.g.*, Fees App, Ex. 1-A. at 1-4, 6-15, 17-29, 31-44. These entries are excessive and warrant a reduction.

In this case, I believe a percentage reduction is more appropriate than line-item deductions. Accordingly, I conclude a 10% reduction in attorneys' fees is warranted to address counsel's excessive intraoffice communications, clerical/administrative tasks, paralegal tasks, block billing and vague entries, and duplicative billing. This results in a reduction of **$10,962.91**.

Accordingly, Petitioner is awarded final attorneys' fees in the amount of **$98,666.19**.

**C. Attorneys' Costs**

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).

Petitioner requests a total of $10,749.12 in attorneys' costs. This amount is comprised of costs for photocopies, postage, medical records, the Court's filing fee, life care planner services provided by Lynne Trautwein at $175.00 per hour for 39 hours, and Ms. Trautwein's travel expenses related to the life care planning visit, including airfare, lodging, meals, and parking, totaling $8,034.95. *See* Fees App., Ex. 2.

I have reviewed the costs and find them to be largely reasonable; however, a small reduction is required. Ms. Trautwein billed 2.0 hours for the following administrative tasks:

- October 23, 2022: 0.5 hours billed at $175.00 per hour for "file set up"/ "new client file."
- March 27, 2023: 0.4 hours billed at $175.00 per hour for "research" / "flight times."
- April 28, 2023: 0.4 hours billed at $175.00 per hour for "research" / "flight times & flight booked."
- April 28, 2023: 0.4 hours billed at $175.00 per hour for "research" / "hotel info & booked."
- April 30, 2023: 0.3 hours billed at $175.00 per hour for "research" / "rental car & reserved."

Fees App., Ex. 3 at 4-5. Like attorneys' fees, expert billing for clerical and other secretarial work is not permitted. Special Masters have previously deducted costs associated with these expert activities. *See, e.g., Schettl v. Sec'y of Health & Hum. Servs.*, No. 14-422V, 2022 WL 2912666, at * 4 (Fed. Cl. Spec. Mstr. June 30, 2022) (deducting a $400.00 "File set up fee" from the life care planner's costs); *Matzner v. Sec'y of Health & Human Servs.*, No. 22-323V, 2025 WL 1453581, at *3 (Fed. Cl. Spec. Mstr. Mar. 27, 2025) (finding that the vocational expert's charge for "Open File" had not been substantiated); *Nosches v. Sec'y of Health & Hum. Servs.*, No. 16-1657V, 2019 WL 1149944, at *3 (Fed. Cl. Spec. Mstr. Feb. 26, 2019) (finding that there was insufficient information to establish the purpose and reasonableness of a $400.00 "File set up fee"). Researching and booking travel is a non-compensable administrative task. This results in a reduction of **$350.00**.

Petitioner has otherwise provided adequate documentation supporting the other requested costs. Accordingly, Petitioner is awarded a total of **$10,399.12** for attorneys' costs.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2018), I have reviewed the billing records and costs in this case and find that Petitioner's request for fees and costs is reasonable in part. I find that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $109,629.10 |
| (Reduction to Fees) | ($10,962.91) |

| | |
|---|---|
| **Total Attorneys' Fees Awarded** | **$98,666.19** |
| | |
| Attorneys' Costs Requested | $10,749.12 |
| (Reduction to Costs) | ($350.00) |
| **Total Attorneys' Costs Awarded** | **$10,399.12** |
| | |
| **Total Amount Awarded** | **$109,065.31** |

**Accordingly, I award a lump sum in the amount of $109,065.31, representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/ Jennifer A. Shah**
Jennifer A. Shah
Special Master

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).